UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BETHANY COSTANZA** | : | **DOCKET NO. 2:06-cv-1883** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY** | : | **MAGISTRATE JUDGE WILSON** |

**REPORT AND RECOMMENDATION**

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. This matter has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

After a review of the entire administrative record and the briefs filed by the parties, and pursuant to 42 U.S.C. § 405(g), the undersigned finds that the Commissioner's decision is not supported by substantial evidence in the record. *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

**BACKGROUND**

On March 8, 2002, Bethany Costanza filed an application for disability insurance benefits, alleging an onset date of October 1, 1999. (Tr. 65). In her application, she alleged disability due to borderline personality disorder, bipolar disorder, and paranoid schizophrenia. (Tr. 17, 65-67, 102, 360). Plaintiff's application was denied at the initial stage of the administrative process. She requested and received a hearing before an Administrative Law Judge ("ALJ"). The hearing was held on June 6, 2003, and on September 11, 2003, the ALJ issued an unfavorable decision. This decision was appealed to the Appeals Council, and on April 28, 2004, the Appeals Council remanded the matter

for further proceedings. (Tr. 304-305). An ALJ held a supplemental hearing on December 6, 2005. (Tr. 16). An unfavorable decision was issued on January 26, 2006. (Tr. 13). The Appeals Council denied plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner.

On October 19, 2006, plaintiff filed the instant complaint to have this court review the denial of benefits. She alleges that the ALJ improperly rejected the opinion of her treating psychiatrist and that the ALJ's finding with respect to her residual functional capacity is not supported by substantial evidence.

### **STANDARD OF REVIEW**

The court's review of the ultimate decision of the Commissioner is limited to determining whether the administrative decision is supported by substantial evidence and whether the decision is free of legal error. *Dellolio v. Heckler*, 705 F.2d 123 (5th Cir. 1993). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401.

When appearing before the ALJ, the claimant has the burden of proof to establish a medically determinable physical or mental impairment that prevented her from engaging in any substantial gainful activity for at least twelve consecutive months. *See*, 42 U.S.C. § 1382c(a)(A). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen,* 864 F.2d 340, 343-344 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the

2

Commissioner.  *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## LAW AND ANALYSIS

The Commissioner evaluates disability claims under the Social Security Act through a five-step process:  (1)  Is the claimant currently working and engaged in substantial gainful activity?  (2)  Can the impairment or combination of impairments be classified as severe?  (3)  Does the impairment(s) meet or equal a listed impairment in Appendix 1 of the Commissioner's regulations?  (If so, disability is automatic.)  (4) Does the claimant's residual functional capacity permit her to perform past relevant work?  and if not, (5)  Can the claimant perform other work?  20 C.F.R. §§ 404.1520, 416.920.  When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated.  *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990).  The first four steps place the burden upon the claimant. At the fifth step, the burden shifts to the Commissioner to establish that the claimant can perform other work.  If the Commissioner meets this burden, then the claimant must prove that he cannot in fact perform the work suggested. *See  Falco v. Shalala*, 27 F.3d 160 (5th Cir. 1994);  *Muse v. Sullivan*, 925 F.2d 785 (5th Cir. 1991).

The ALJ found at Step 2 of the sequential evaluation process that plaintiff's affective disorder and drug/alcohol abuse in remission were severe impairments but that these impairments were not severe enough to meet or medically equal one of the impairments in the Category of Impairments in Appendix 1 to Subpart P, Social Security Regulations No. 4. (Tr. 18).   The ALJ next determined that Costanza retained the residual functional capacity to perform a range of sedentary work and that she retained the ability to perform simple, repetitive tasks and follow simple instructions.  He also noted that she should have limited contact with the public.

The plaintiff argues that the ALJ erred in his residual functional capacity assessment principally

3

because he discounted the opinion of here treating psychiatrist and did not find that her schizophrenia was a severe impairment. Indeed, Dr. Charles Murphy, plaintiff's treating psychiatrist completed a checklist residual functional capacity assessment dated September 12, 2002 wherein he identified limitations inconsistent with the demands of work at all exertional levels. (Tr. 234-35). There is no other opinion from any treating or examining physician. Yet, the ALJ discounted the assessments of Dr. Murphy on the grounds that Dr. Murphy relied primarily on the plaintiff's subjective reports of limitations and symptoms and that his opinion was outside of his expertise. The ALJ need not give controlling weight to a treating physician's opinion that a claimant is "disabled" or "unable to work" because these are legal conclusions and not medical opinions. *Frank v. Barnhart*, 326 F.3d 618 (5th Cir. 2003). However, the ALJ must always give good reasons when he gives the treating physician's medical opinion little or no weight. 20 C.F.R. § 404.1527(d)(2)[1]; *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000).

"[A]bsent reliable medical evidence from a treating or examining physician controverting [Dr. Murphy's opinion], an ALJ may reject the opinion of the treating physician *only* if the ALJ performs a *detailed analysis* of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)". *Beasley v. Barnhart,* 191 Fed.Appx. 331, 336, 2006 WL 2062101, *4 (5th Cir. 2006), citing *Newton,* 209 F.3d at 453. In this case, there is no other medical opinion to contradict Dr. Murphy's opinion, and in discounting Dr. Murphy's opinion, the ALJ failed to expressly discuss each of the factors set forth in § 404.1527(d)(2). The Fifth Circuit has found that the ALJ's failure to perform such an analysis affects a social security claimant's substantial rights.

---

[1] The ALJ must consider: (1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician. 20 C.F.R. § 404.1527(d)(1)-(6); *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000).

4

Because the foundation of the ALJ's finding that plaintiff was not disabled was premised upon a residual functional capacity that is not supported by substantial evidence, the undersigned necessarily finds that the ALJ's ultimate conclusion that plaintiff is not disabled is likewise not supported by substantial evidence. *See also Vincent v. Barnhart*, 2:05-cv-1297 (W.D. La. 2006).

For these reasons,

IT IS RECOMMENDED that this matter be REVERSED and REMANDED to the Commissioner for further proceedings consistent with this opinion.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, November 29, 2007.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE